**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**SOOS & ASSOCIATES, INC.,**

|  |  |  |  |
|---|---|---|---|
| | **Plaintiff,** ) | **Civil Action No. 1:17-cv-06577** |
| **-v-** ) | | |
| ) | | |
| **FIVE GUYS ENTERPRISES, LLC,** ) | **JURY TRIAL DEMANDED** | |
| **FIVE GUY OPERATIONS, LLC** ) | | |
| **Defendants.** ) | | |
| ) | | |
| ) | | |
| ) | | |

**COMPLAINT**

Soos & Associates, Inc., ("Plaintiff"), for its Complaint against Five Guys Enterprises,

LLC and Five Guys Operations, LLC (collectively "Five Guys") states as follows:

1.     This is an action pursuant to 17 U.S.C. §101 for copyright infringement and

violations of the Digital Millennium Copyright Act arising out of Defendants' unauthorized

copying, distribution and creation of derivative works of Plaintiff's architectural works.

**THE PARTIES**

2.     Soos & Associates, Inc. ("Soos") is an Illinois corporation, created and organized

under the laws of the state of Illinois with its principal place of business in Lincolnshire, Illinois.

3.     On information and belief, Defendant Five Guys Enterprises, LLC ("Five Guys

Enterprises"), is a Delaware limited liability company with its principal place of business in

Lorton, Virginia.

4.     On information and belief, Five Guys Operations, LLC ("Five Guys Operations")

is a Delaware limited liability company with its principle place of business in Wilmington,

Delaware.

5.     On information and believe, at all relevant times, Gregg S. Elstro ("Elstro") was, and identified himself as, Director of Construction for Five Guys Enterprises and Five Guys Operations .  See email example, attached as Ex. A.

6.     Elstro not only had access to all of Plaintiff's works discussed below, but, on information and belief, Elstro, along with other agents and representatives of Five Guys, copied and distributed the Soos copyrighted material set forth below to third parties.

## JURISDICTION AND VENUE

7.     This Court has subject jurisdiction over this action pursuant to in 17 U.S.C. §101, *et seq*.

8.     Venue is proper in this Court pursuant to in 28 U.S.C. §1400(a) because Defendants can be found in this district.

9.     Defendants have had regular and consistent contacts with the State of Illinois sufficient to confirm personal jurisdiction, including engaging Soos & Associates over 100 times to perform architectural services in Illinois and other states.

## FACTS

10.     Soos & Associates, Inc. ("Soos") is 24-year old architectural firm that performed over one hundred projects for Five Guys from 2008 to 2015.

11.     Among other things, Soos has developed a reputation for retail rollout, *i.e*., where it provides architectural services in support of a high volume retail buildout program.

12.     In 2008, Soos was approached by Five Guys and contracted with Five Guys to develop the interior and exterior architectural plans for a number of Five Guys projects in Illinois and around the country.

2

13. When Soos initially was engaged, Five Guys provided Soos with a former architect's plans.

14. Soos did not copy copyrightable expression from the plans; rather, as is its practice, Soos began developing its own system of drawings, abbreviations, construction notes and other materials to use in its initial and subsequent plans.

15. Architectural plans can involve far more than simply creating the floor plan of a given space.

16. Plans like those developed by Soos are filled with materials that plumbers, electricians and other construction workers can rely on in building and developing projects.

17. Architects develop plans both textually and graphically.

18. In developing its series of plans for various Five Guys locations, Soos created its own original expression, including specific text and illustrations.

19. Soos goes to great lengths to protect its intellectual property rights in work product provided to clients.

20. Even though as a matter of law Soos owned all of the copyrights in the plans it created for Five Guys, from the time these plans were reduced to a tangible form of expression, Soos reemphasized this point again and again to Five Guys.

21. For example, each written contract Soos provided to Five Guys spelled out Soos' copyright ownership:

> The Architect and the Architects consultants shall be deemed the original authors and owners respectively of any materials produced under this agreement and shall retain all common law, statutory and other reserved rights, including copyrights…

*See, e.g.*, Ex. B, ¶ 7.0

22. In addition, each Soos plan bears the following copyright management

information language:

> These drawings and specifications are the confidential and proprietary property of
> Soos & Associates, Inc. and shall not be copied or reproduced without written
> authorization…. Use of these drawings for reference or example on another
> project requires the services of Soos & Associates, Inc. Reproduction of the
> contract documents for reuse on another project is not authorized.

Exs, C, D, E.

23.    Exhibits C, D and E contain three original plans prepared by Soos in connection

with its work for Five Guys along with copies of their respective copyright registration

certificates.

24.    Soos regularly reminded Five Guys employees that Soos owned the copyright in

its materials and on more than one occasion warned Five Guys that its materials should not be

shared with third parties without Soos' authorization.

25.    Though Soos did not publish its architectural plans, or transfer the copyrights on

these materials to Five Guys, Soos did provide Five Guys with a copy of every plan Soos

prepared for Five Guys.

26.    It was Soos' understanding that Five Guys employees would need access to Soos

plan documents to assist with needed repairs and other site-specific issues.

27.    Five Guys requested that Soos digitally upload plan documents to a document

management portal called "Buzzsaw."

28.    In July 2013, Eric Styer, a Soos employee who had worked on the Five Guys

projects, left Soos' employ.

29.    After Styer left Soos, he formed a new company, DXU, and Five Guys transferred

its architecture business to DXU.

30.    Upon investigation, Soos discovered that Styer's new company created plans for

new Five Guys stores using copyrighted material from site specific plans Soos had created for other Five Guy store locations, copies of which Soos had previously provided to Five Guys for only limited use.

31.     Attached as Exhibit F, is a copy of a publicly-filed plan by DXU.  The highlighted portions reflect some, but not all, of the copyrighted expression taken verbatim from Soos' prior drawings to which Five Guys had access.

32.     In recent months, through filing Freedom of Information requests and other channels, Soos has uncovered a number of other architects' plans for new Five Guys' locations which incorporate Soos' copyrighted expression from previously completed site-specific plans Soos furnished to Five Guys.

33.     Exhibit G reflects just one of several plans incorporating Soos' copyrighted work that Soos has recently uncovered.  The highlighted portions of this exhibit reflect portions of Soos' copyrighted material taken and used without Soos' authorization.

34.     On information and belief, Five Guys copied and distributed, or otherwise provided access to Soos' copyright protected plans to these other architects who then used the Soos materials to create new plans for Five Guys, all without Soos' approval.

## COUNT I

### Copyright Infringement

35.     The plans prepared for Five Guys were the original work of Soos and belonged to Soos.  In addition to the individual drawings and text, the selection and arrangement of the materials in the drawings were original to Soos.

36.     Five Guys had access to the plans attached as Exhibit C, D and E as well as all of Soos' other plans prepared for Five Guys.

37.     Through access to Buzzsaw and other means, Five Guys provided third party architects copies of Soos' copyrighted material.

38.      Pursuant to 17 U.S.C. §106, Soos has the exclusive rights to copy, distribute and make derivative works from its copyrighted work.

39.     In direct contravention to Soos exclusive rights under the Copyright Act, Five Guys copied and distributed the Soos plans to various third party architects and others or created derivative works based on Soos' copyrighted works and thereby infringed Soos' copyrights.

40.      As a direct and proximate result of Five Guys infringement of Soos' copyrights, Soos has suffered and continues to suffer substantial damages.

41.     Because Five Guys willfully engaged in the acts complained of with in conscious disregard of Soos' rights, Soos is entitled to the maximum statutory damages allowable.

WHEREFORE, Soos requests that this Court enter judgment:

A.     Enjoining and restraining Five Guys, and anyone acting in concert or participation with Five Guys, from the wrongful acts and conduct set forth above, including, but not limited to, copying, distributing or preparing derivative works of Soos' copyrighted materials;

B.     Impounding and calling for the destruction of all materials of any kind that contain Soos' copyrighted material;

C.     Ordering Five Guys to disclose within seven days of the date of such order all persons and entities to whom Five Guys has distributed or otherwise made Soos' copyrighted materials available;

D.     Awarding Soos actual and/or maximum allowable statutory damages for Five Guys' copyright infringement in an amount to be determined at trial;

E.     Awarding any profits Five Guys derived from the use of the copyrighted

materials;

F.      Awarding costs and expensed necessary and incidental to this action, including, but not limited to attorneys' fees and investigative costs actually and reasonably incurred by Soos; and,

G.      Providing for any such other and further relief as this Court or jury deems appropriate.

## COUNT II

### Contributory Copyright Infringement

42.     Soos reincorporates the allegations from paragraphs 1 through 41 above.

43.     On information and believe, Five Guys distributed or otherwise provided access to Soos' copyrighted work to third-party architects and encouraged them to incorporate portions of Soos' copyright work in the plans they prepared for Five Guys.

44.     Five Guys knew that by making and distributing copies of, or otherwise providing access to, Soos' copyrighted works to third-party architects that the Soos works would be copied and used to create derivative works.

45.     Five Guys benefitted from the plans prepared by third-party architects.

46.     On information and belief, Five Guys intended to have and encouraged third-party architects to copy, distribute and make derivative works from Soos' copyright work in violation of 17 U.S.C. §106.

47.     By causing third parties to engage in the behavior set forth above, Five Guys has contributorily infringed Soos copyrights.

WHEREFORE, Soos requests that this court enter judgment:

A.      Enjoining and restraining Five Guys, and anyone acting in concert or participation

with Five Guys from the wrongful acts and conduct set forth above, including, but not limited to, enabling or encouraging third parties from copying, distributing or creating derivative works of Soos' copyrighted materials;

B.     Impounding and calling for the destruction of all materials of any kind in Five Guys' possession or control that contain Soos' copyrighted material;

C.     Ordering Five Guys to disclose within seven days of the date of such order all persons and entities to whom Five Guys has distributed or otherwise made Soos' copyrighted materials available;

D.     Awarding Soos actual and/or maximum allowable statutory damages for Five Guys' copyright infringement in an amount to be determined at trial;

E.     Awarding any profits Five Guys derived from the use of the copyrighted materials;

F.     Awarding costs and expenses necessary and incidental to this action, including, but not limited to attorneys' fees and investigative costs actually and reasonably incurred by Soos; and,

G.     Providing for any such other and further relief as this Court or jury deems appropriate.

### COUNT III

**Vicarious Liability**

48.     Soos reincorporates the allegations from paragraphs 1 through 47 above.

49.     Five Guys selected and hired all of the third-party architects to whom it provided copies or access to the Soos copyrighted works.

50.     Five Guys retained control and the right to approve all works created by the third-

party architects.

51.     Five Guys benefited from the use of Soos copyrighted materials it provided to third-party architects.

52.     Five Guys declined to exercise the control to stop or limit the use of Soos' copyrighted materials.  As a direct result of Five Guys activities, Five Guys is vicariously liable for such infringements caused by the third-party architects.

WHEREFORE, Soos requests that this Court enter judgment:

A.      Enjoining and restraining Five Guys, and anyone acting in concert or participation with Five Guys from the wrongful acts and conduct set forth above, including, but not limited to, enabling or encouraging third parties from copying, distributing or creating derivative works of Soos' copyrighted materials;

B.      Impounding and calling for the destruction of all materials of any kind in Five Guys' possession or control that contain Soos' copyrighted material;

C.      Ordering Five Guys to disclose within seven days of the date of such order all persons and entities to whom Five Guys has distributed or otherwise made Soos' copyrighted materials available;

D.      Awarding Soos actual and/or maximum allowable statutory damages for Five Guys' copyright infringement in an amount to be determined at trial;

E.      Awarding any profits Five Guys derived from the use of the copyrighted materials;

F.      Awarding costs and expenses necessary and incidental to this action, including, but not limited to attorneys' fees and investigative costs actually and reasonably incurred by Soos; and,

G.      Providing for any such other and further relief as this Court or jury deems appropriate.

## COUNT IV

### Violation of the Digital Millennium Copyright Act

53.     Soos reincorporates the allegations from paragraphs 1 through 52 above.

54.     All Soos plans provided to Five Guys contained "copyright management information," including, among other things, the title and other information identifying the work as well as Soos' name and other information about Soos.

55.     On information and belief, Five Guys either removed this copyright management information from the Soos plans when it distributed them to third parties, knowingly deleted such information from copies of the Soos plans to which it allowed third-parties to have access or distributed the plans knowing the information had been deleted.

56.     The removal of the copyright management information and any subsequent distribution or use of the Soos copyrighted plans was done without Soos' authorization and in violation of 17 U.S.C. §1202(b).

57.     Pursuant to Section 17 U.S.C. §1203, Soos is entitled to the actual damages and additional profits obtained by Five Guys or statutory damages for each violation "not less than $2,500 or more than $25,000 dollars.

WHEREFORE, Soos respectfully requests that this Court award in an amount to be determined at trial either the actual damages and any additional profits of Five Guys or statutory damages of $25,000 per violation, in addition to costs and attorneys' fees and any other relief this Court deems just.

**SOOS DEMANDS TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Dated: September 12, 2017

**TOTTISLAW**

By: /s/  Kevin Tottis
    Kevin Tottis (ARDC No. 6193853)
    ktottis@tottislaw.com
    Monica L. Thompson (ARDC No. 6181455)
    mthompson@tottislaw.com
    Rachel M. Vorbeck (ARDC No. 6238297)
    rmvorbeck@tottislaw.com
    One East Wacker Drive
    Suite 1205
    Chicago, IL 60601
    Tel: (312) 527-1400
    Fax: (312) 589-7192

    *Attorneys for Plaintiff*