# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SOOS & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIVE GUYS ENTERPRISES, LLC, FIVE GUY OPERATIONS, LLC, DXU ARCHITECTS AND ERIC STYER, <br><br> Defendants. | No. 17 C 06577 <br><br> Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Five Guys Enterprises, LLC's ("Five Guys") motion for judgment on the pleadings. (Dkt. 149) Five Guys seeks dismissal of Plaintiff Soos & Associates, Inc.'s ("Soos") claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202. For the reasons stated below, the motion [149] is denied.

## BACKGROUND

General familiarity with the background facts is presumed. The facts relevant to this motion are as follows. Five Guys hired Soos for architectural consulting services. Soos created architectural plans ("Construction Documents") for several specific restaurant locations. Soos owns the copyrights to the Construction Documents. In its counterclaims, Five Guys alleges that, in addition to Construction Documents, Soos also created Corporate Design Standards so Five Guys could "have a centralized set of materials reflecting the [Five Guys] brand's trade dress and specifications that architects designing [Five Guys] restaurants could access and implement into their

plans. That way, Five Guys could ensure that the stores designed by its various architects looked consistent." (Dkt. 103 at 2) (internal citations omitted) The parties contest the factual allegations; Five Guys claims that all of its architectural plans have similar elements because they conform to the Corporate Design Standards, and Soos claims that Five Guys is infringing Soos' copyrighted work in the Construction Documents.

Eventually, Five Guys moved its Corporate Design Standards work to a competitor of Soos, DXU. (Dkt. 95, Countercl. ¶ 29) Soos alleges that after Soos and Five Guys ended their relationship, Five Guys required its outside architects to use templates of Construction Documents that Soos created and copyrighted. According to Soos, Five Guys removed Soos copyright management information ("CMI") from the templates. (Dkt. 52 ¶ 151) Five Guys also required "its outside architects to place Five Guys [CMI title blocks] into the infringing Construction Documents using the Soos works." (Dkt. 52, ¶ 138) Soos believes that Five Guys' CMI title blocks were an attempt "to mislead third party architects into believing Five Guys owned the copyrights in the templates Five Guys demanded they use." (*Id.* at ¶ 140) In addition, Soos alleges that Five Guys required its architects to execute agreements that assigned all rights, including copyrights, to Five Guys. These agreements stated that all of the work contained in the Construction Drawings "are the original work product" and "are the property" of Five Guys. (*Id.* at ¶ 139) Soos alleges that these agreements were a further attempt to mislead third party architects into believing Five Guys owned the copyrights in the templates. (*Id.* at ¶ 140)

According to Soos, Five Guys was aware of Soos' copyright and was aware that Soos was seeking to enforce its rights in the copyrighted materials. Soos sent letters to Five Guys in August 2015 and August 2017 asserting a copyright to the Construction Drawings. Despites these letters, Soos claims that Five Guys and DXU "doubled down and not only continued using Soos' copyrighted work in its Construction Drawings, but began removing Soos' CMI from its title blocks and replacing it with either its own or Five Guys CMI." (Dkt. 52, ¶ 151)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. *See* Fed. R. Civ. Pro. 12(c). "A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) 'is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court may take judicial notice.'" *Archer Daniels Midland Co. v. Burlington Ins. Grp.*, 785 F.Supp.2d 722, 726 (N.D. Ill. 2011) (quoting *Cincinnati Ins. Co. v. Contemporary Distrib., Inc.*, No. 09 C 2250, 2010 WL 338943, at *2 (N.D. Ill. Jan. 26, 2010)).

"A motion for judgment on the pleadings under rule 12(c) of the federal rules of civil procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (quoting *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014)). As such, "the question at this stage is simply whether the complaint includes

3

factual allegations that state a plausible claim for relief." *Id*. A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007) Put differently, "a 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (citation and quotation marks omitted). "All reasonable inferences are drawn in favor of the non-movant." *Id.* (citing *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015)). Ultimately, a court will grant a motion for judgment on the pleadings only if "no genuine issues of material fact remain to be resolved and…the [moving party] is entitled to judgment as a matter of law." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 2012); *see also Hartford Fire Ins. Co. v. Thermos LLC*, 146 F.Supp.3d 1005, 1012 (N.D.Ill. 2015).

## **DISCUSSION**

Five Guys moves for judgment on the pleadings for Soos' two DMCA claims. "The DMCA seeks to hamper copyright infringement in the digital age by protecting copyright management information ("CMI") in various ways." *Alan Ross Machinery Corp. v. Machinio Corp.*, No. 17 C 3569, 2018 WL 6018603, at *2 (N.D. Ill. Nov. 16, 2018); 17 U.S.C. § 1202. Specifically, the DMCA prohibits removing or altering CMI, § 1202(b), and distributing false CMI, § 1202(a). The statute defines CMI as the information "conveyed in connection with" copies of a work, such as its title, author, copyright owner, the terms and conditions for use of the work, and identifying numbers or symbols referring to the work's copyright information. 17 U.S.C. § 1202(c).

4

CMI informs the public that something is copyrighted and thus prevents infringement. *Alan Ross Machinery Corp.*, 2018 WL 6018603, at *2 (citing *Pers. Keepsakes, Inc v. Personalizationmall.com, Inc.*, 975 F.Supp.2d 920, 928 (N.D. Ill. 2013)). Soos alleges that Five Guys violated the DMCA by removing Soos' CMI from Construction Documents (Count V) and by distributing false CMI (Count VI).

**1. Count V—Removal of Soos' CMI.**

Soos alleges that Five Guys and DXU removed Soos' CMI title blocks from Soos' Construction Documents. Soos claims that Five Guys and DXU made some minor changes to the Construction Documents, such as changing the page numbers, but heavily used Soos' format, layout, text, illustrations, and taxonomies. (Dkt. 52 ¶ 151) In moving for judgment on the pleadings, Five Guys faults Soos for failing to identify the particular CMI removed, failing to allege facts as to how Five Guys removed the CMI, and failing to plausibly allege intent. Five Guys also argues that basing a drawing off of another's work is not the same as removing CMI. *See Design Basics LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019) (no DMCA violation where defendant merely copied the "look and feel" and certain discrete aspects of plaintiff's architectural plans, such as the windows and shape of the rooms; "basing a drawing on another's work is not the same as removing copyright management information" and is not a violation of the DMCA); *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13 C00496, 2014 WL 5798282, at *5, 7 (D. Haw. Nov. 7, 2014) (granting summary judgment, because '[v]irtually identical' plans could have been created by redrawing [plaintiff's] copyright management information from

5

[plaintiff's] plans and not including [plaintiff's] copyright management information, but that would not involve any removal or alteration of copyright management information from [plaintiff's] original work."); *Faulkner Press, LLC v. Class Notes, LLC*, 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010) (no CMI was removed from plaintiff's original work where defendant allegedly copied certain information from plaintiff's course into a different form of notes packages).

Soos has plausibly stated a claim for removal of CMI. The complaint states that Five Guys knew Soos was asserting ownership over several Construction Documents, yet Five Guys continued to use the copyrighted material and removed Soos' CMI titled blocks from Construction Documents. Additionally, Soos attached several exhibits to its complaint that contain the CMI that Five Guys allegedly removed.[1] (Dkt. 52, Ex. 5, Ex. 6, Ex. 7) Soos also attached an example of a DXU plan with highlighted portions that, Soos alleges, originated from Soos' copyrighted Construction Documents with the Soos CMI removed. (Dkt. 52, Ex. 9, 12 & 14) Soos has thus sufficiently identified the CMI Five Guys allegedly removed. Unlike the cases cited by Five Guys, Soos did not allege that Five guys merely copied one or two aspects of the Construction Documents or only copied the "look and feel" of the Construction Documents. Soos alleges that Five Guys removed Soos' CMI from the Construction Documents as a whole, with some minor alterations such as changing page numbers.

---

[1] Courts normally do not consider extrinsic evidence without converting a motion to dismiss into one for summary judgment, however where a document is referenced in the complaint and central to plaintiff's claims, the Court may consider it in ruling on the motion to dismiss. *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018) ("This rule is a liberal one—especially where…the plaintiff does not contest the validity or authenticity of the extraneous materials.")

Regarding intent, 17 U.S.C. § 1202(b) not only prohibits the intentional removal of CMI, § 1202(b)(1), but also requires the distribution of CMI knowing that "the copyright management information…has been removed or altered without authority of the copyright owner," § 1202(b)(2), and the distribution of the work itself where the CMI "has been removed or altered without the authority of the copyright owner," § 1202(b)(3). The statute imposes a further requirement that the distribution be done "knowing" or "having reasonable grounds to know" that the removal "will induce, enable, facilitate or conceal and infringement of any right under this title." § 1202(b) Soos' complaint sufficiently alleges intent. It states that based on letters Soos sent to Five Guys, Five Guys knew Soos was asserting ownership of the Construction Documents. Soos has also alleged that Five Guys knowingly distributed templates where the CMI had been altered without the authority of the copyright owner, Soos. Finally, Soos alleges that Five Guys acted intentionally—Five Guys "attempted to mislead third party architects into believing Five Guys owned the copyrights in the templates Five Guys demanded they use." (Dkt. 52 ¶¶ 138-40) Soos has adequately alleged that Five Guys acted knowingly, and that Five Guys removed CMI with the intent to induce, enable, or conceal infringement.

Additionally, Soos need not provide detailed factual allegations regarding how Five Guys removed the CMI. That information is within Five Guys' control, and Soos cannot provide detailed allegations regarding how Five Guys removed the CMI before discovery. Soos' allegations are sufficient to survive a motion for judgment on the pleadings. Five Guys' motion is denied.

## 2. Count VI—Distribution of False CMI

Soos alleges that Five Guys distributed false CMI in violation of 17 U.S.C. § 1202(a). Five Guys argues that Soos fails to allege that Five Guys intentionally falsified CMI and that Soos fails to allege that any particular work is "conveyed in connection with" Five Guys' allegedly false CMI. 17 U.S.C. § 1202(a).

First, § 1202(a) of the DMCA prohibits knowingly providing or distributing false CMI "with the intent to induce, enable, facilitate, or conceal infringement." 17 U.S.C. § 1202(a)(1)–(2). Once again, Soos has sufficiently pled intent under the DMCA. Soos' complaint states that Five Guys knew Soos was asserting ownership in the Construction Documents. (Dkt. 52 ¶¶ 150-151) Soos alleges that it sent several letters to Five Guys claiming ownership of the Construction Documents, and that despite these letters, Five Guys continued to copy Soos' work, removed Soos' CMI from the Construction Documents, and placed false CMI on the Construction Documents. (*Id.*) Soos also alleges that "even though Five Guys knew that Soos claimed copyright ownership in materials created by Soos, Five Guys began requiring its outside architects to place Five Guys [CMI] into the infringing Construction Documents using the Soos works." (Dkt. 52 ¶ 138) Soos claims that Five Guys required its architects to do this in an attempt to mislead other third party architects into believing that Five Guys owned the copyrights in the templates. (Dkt. 52 ¶ 140) These allegations are sufficient to plead intent under § 1202(a) of the DMCA.

Second, to state a claim under the DMCA for distributing false CMI, the false CMI must be "conveyed in connection with" the work. 17 U.S.C. § 1202(a). Five Guys

argues that Soos has failed to identify any particular work that is conveyed in connection with Five Guys' false CMI. *See GC2 Inc. v. Int'l Game Technology PLC*, 255 F.Supp.3d 812 (N.D. Ill. 2017) (CMI not conveyed in connection with the material on a website when a user would have to scroll down the webpage, click on a link or dropdown box, and read through terms of use to find the copyright disclaimers); *Pers. Keepsakes, Inc v. Personalizationmall.com, Inc.,* 975 F.Supp.2d 920, 928 (N.D. Ill. 2013) (plaintiff's poem not conveyed with false CMI where defendant's "copyright notice [was] not close to the poem; rather, it [was] at the bottom of every page of the website in the generic website footer").

Soos' complaint and attached exhibits demonstrate that each page of the architectural templates included a CMI title block stating:

> THESE DRAWINGS AND SPECIFICATIONS ARE THE CONFIDENTIAL AND PROPRIETARY PROPERTY OF FIVE GUYS ENTERPRISES, LLC AND SHALL NOT BE COPIED OR REPRODUCED WITHOUT WRITTEN AUTHORIZATION.

(Dkt. 52 ¶ 138; Dkt. 52, Ex. 14; Dkt. 52, Ex. 16) This title block appears directly on each page of the templates at issue. (*Id.*) And as mentioned above, Soos alleges that these templates contain Soos' copyrighted work from the Construction Documents. This CMI title block is clearly conveyed in connection with the copyrighted work. Unlike the cases cited by Five Guys, where the CMI was physically separated from the copyrighted material, Five Guys' CMI title block was physically proximate to the copyrighted work; it was directly on the page containing the copyrighted material. Soos has stated a claim under § 1202(a) the DMCA.

## **CONCLUSION**

For the reason stated above, Five Guys' motion for judgment on the pleadings is denied. (Dkt. 149)

E N T E R:

Dated: March 3, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge